**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Veronica Fontes, | No. CV-23-00383-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Anita's Street Market LLC, et al., | |
| Defendants. | |

Plaintiff was granted a default judgement in the amount of $7,479.00 in unpaid wages and penalties. Now pending before the Court is Plaintiff's Motion for Attorney's Fees and Costs, in which Plaintiff seeks $5,785.00 in attorneys' fees, $614.20 in costs for the litigation, and $2,000.00 in fees and costs to be incurred in potential collection efforts.

For the reasons stated in this Order, the Court will award Plaintiff $5,429.00 in attorneys' fees and $614.20 in costs.

**I.    Background**

On August 15, 2023, Plaintiff Veronica Fontes filed a Complaint alleging Defendant Anita's Street Market LLC and Defendant Gracie Soto (Defendants) failed to pay her minimum wages under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act, and the Arizona Wage Act for work performed. (Doc. 1.) Defendants were timely served on August 23, 2023. (Docs. 5-6.) Defendants failed to answer or otherwise respond by the September 13, 2023 deadline and the Clerk of Court entered default against

the Defendants on October 20, 2023. (Doc. 11.)  Plaintiff moved for default judgement (Doc. 14), which this Court granted on December 8, 2023. (Doc. 15.) Plaintiff timely filed the pending Motion for Award of Attorneys' Fees, requesting a total of $8,399.20. (Doc. 16 at 7.)

## II. Legal Standard

Pursuant to the FLSA, the Court is required to award the prevailing party attorneys' fees. 29 U.S.C. § 216(b). A party is the prevailing if "they succeed on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckert*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helegemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).

Prior to awarding attorneys' fees, the Court must determine whether such fees are reasonable. LRCiv 54.2(c).  In determining whether the fees requested are reasonable, district courts must use the lodestar method of calculation. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001). To determine the lodestar figure, the court first multiplies the reasonable hourly rate by the number of hours reasonably expended. *See Hensley*, 461 U.S. at 433. "[T]here is a "strong presumption" that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). Second, the court "determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2001).

Local Rule of Civil Procedure 54.2(c)(3) provides a list of factors to be considered in assessing the reasonableness of a requested attorneys' fee award and the adjustment thereof:

> (A) The time and labor required of counsel;
> (B) The novelty and difficulty of the questions presented;
> (C) The skill requisite to perform the legal service properly;
> (D) The preclusion of other employment by counsel because of the acceptance of the action;
> (E) The customary fee charged in matters of the type involved;
> (F) Whether the fee contracted between the attorney and the client is fixed or contingent;

(G) Any time limitations imposed by the client or the circumstances;
(H) The amount of money, or the value of the rights, involved, and the results obtained;
(I) The experience, reputation and ability of counsel;
(J) The "undesirability" of the case;
(K) The nature and length of the professional relationship between the attorney and the client;
(L) Awards in similar actions; and
(M) Any other matters deemed appropriate under the circumstances.

*See also Hensley*, 461 U.S. at 430, n.3; *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) (acknowledging factors useful in evaluating reasonableness of attorneys' fees), *abrogated on other grounds by City of Burlington v. Dague,* 505 U.S. 557 (1992).

**III.  Application**

Plaintiff requests $5,785.00 in attorneys' fees, $614.20 in costs, and $2,000.00 in fees and costs to be incurred in potential collection efforts in accordance with Federal Rule of Civil Procedure 54(d), Local Rule of Civil Procedure 54.2, and 29 U.S.C. § 216(b).

A.    Eligibility for Attorneys' Fees

Plaintiff is eligible and entitled for an award under the FLSA as the prevailing party.

B.    Reasonableness of Requested Attorneys' Fees

Plaintiff's counsel Clifford Bendau's hourly rate billed in this case is $445.00. Based on the factors courts may consider under Local Rule of Civil Procedure 54.2(c)(3), the Court finds this hourly rate reasonable.

Plaintiff's counsel represents that this matter took 13 billable hours. (Doc. 16-9 at 2 & 3.) "Attorneys' fees should not be given for the performance of administrative tasks which could and should be performed by secretarial or paralegal staff." *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 487 (D. Ariz. 2019). The Court will exclude 0.8 hours billed by Mr. Bendau, as the Court deems the following entries as purely administrative or clerical in nature:

- Entry on 8/14/23, "Send representation agreement" billed for 0.1 hours

- 3 -

(Doc. 16-9 at 2);

- Entry on 8/14/23, "Send complaint for review & signature" billed for 0.1 hours (*id.*);
- Entry on 8/15/23, "Receive signed Complaint" billed for 0.1 hours (*id.*);
- Entry on 8/15/23, "Send documents to process server" billed for 0.2 hours (*id.*);
- Entry on 9/8/23, "File service executed" billed for 0.1 hours (*id.*);
- Entry on 11/7/23, "Send, reveive [sp] signed declaration from client" billed for 0.1 hours (*id.*);
- Entry on 11/8/23, "Send Motion to Chambers" billed for 0.1 hours (*id.* at 3).

Therefore, the Court finds that the lodestar number in this matter is 12.2 hours multiplied by $445, or $ 5,429 in total attorneys' fees.

### C. Reasonableness of Requested Costs

The Court finds that the requested award for $614.20 for costs incurred is reasonable. However, the Court finds no statutory authority for the award of presumptive fees that have not yet been incurred by Plaintiff.

### IV. Conclusion

For the foregoing reasons, the Court grants the Motion for Attorneys' Fees and Costs to the extent the Court will award Plaintiff $5429.00 in attorneys' fees and $614.20 for costs.

**IT IS ORDERED** Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 16) is **granted** to the extent the Court grants Plaintiff $5429.00 in attorneys' fees and $614.20 for costs; the Motion is denied in all other respects.

//

//

//

**IT IS FURTHER ORDERED** the Clerk of Court shall docket accordingly and close this case.

Dated this 15th day of February, 2024.

_____
Jennifer G. Zipps
United States District Judge